**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ALFONSO A. ALARID, | § |
| | § |
| PLAINTIFF, | §§ |
| | § |
| v. | §  Civil Action No. 14-CV-02667-REB-BNB |
| | § |
| BIOMET, INC., ~~ET AL.~~ | § |
| **BIOMET ORTHOPEDICS, LLC, and** | § |
| **BIOMET MANUFACTURING, LLC,** | § |
| | § |
| DEFENDANTS. | |

**[~~PROPOSED~~] PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) Plaintiff Alfonso Alarid which includes all of his medical records, and (b) Biomet, Inc. and its subsidiaries~~, which includes any and all documents comprising, generated from, or referencing trade secrets, processes,~~

~~operations, business methods, technology, designs, sales, any other business information that is proprietary and/or confidential.~~  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Documents which have already been disclosed to the general public shall not be marked "CONFIDENTIAL."

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a) attorneys actively working on this case;

   b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c) the parties, including designated representatives for the entity defendants;

   d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e) the Court and its employees ("Court Personnel");

   f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g) deponents, witnesses, or potential witnesses; and

   h) other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions (see attached Exhibit 1). All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information

should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. In the event a party produces documents subject to the attorney-client privilege or work product doctrine through inadvertence, mistake, or other error, such production shall not be a waiver of privilege or immunity. The producing party must promptly give notice to all other parties of the inadvertent production. Upon such notice, the receiving party promptly shall make best efforts to collect all copies of the documents and destroy them or return them to the producing party.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. All Confidential Information may be destroyed by counsel or retained in a secure location and destroyed in due course under standard retention policies.

15. If any party receives a subpoena for CONFIDENTIAL information subject to this Order that was produced by the opposing party, the person subpoenaed must inform the subpoena's

issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give prompt notice of that subpoena and fourteen (14) days to object to the producing party prior to the production of any responsive material.

16. A party's compliance with the terms of this Order shall not operate as an admission that any document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

17. Nothing in this Protective Order shall impose any restriction on the use or disclosure by a party of its own documents.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated February 3, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Exhibit 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| ALFONSO A. ALARID, | § § | |
| PLAINTIFF, | §§ | |
| | § | |
| v. | § § | Civil Action No. 14-CV-02667-REB-BNB |
| BIOMET, INC., ET AL. | § § | |
| DEFENDANTS. | § § | |
| | § | |

---

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

I have read the Stipulated Protective Order in the above-captioned case, which is attached hereto. I fully understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulation and Order.

Dated: _____

Signature:

_____

Name: _____
Address: _____
_____