**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02667-REB-NYW

ALFONSO A. ALARID

      Plaintiff,

v.

BIOMET, INC.;
BIOMET ORTHOPEDICS, LLC; and
BIOMET MANUFACTURING, LLC.,

      Defendants.

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Magistrate Judge Nina Y. Wang

This civil action is before the court on Plaintiff Alfonso A. Alarid's ("Plaintiff" or "Mr. Alarid") Motion to Strike Affirmative Defenses, filed on August 26, 2015 [#54] (the "Motion to Strike").[1] Pursuant to the Order Referring Case dated October 3, 2014 [#22], the February 10, 2015 Reassignment [#35], and the August 27, 2015 Memorandum [#55], the Motion to Strike is before this Magistrate Judge. The court has reviewed the Motion to Strike, Defendants Biomet, Inc., Biomet Orthopedics, LLC, and Biomet Manufacturing, LLC's (collectively "Defendants" or "Biomet") Response [#61], Plaintiff's Reply [#67], and any exhibits thereto. The court has considered the applicable case law, is sufficiently advised of the premises, and finds that oral argument would not materially assist the court's disposition of the Motion to Strike. For the reasons stated below, IT IS ORDERED that the Motion to Strike is DENIED.

---

[1] This Order refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Mr. Alarid initiated this products liability action on July 30, 2014 in Denver District Court. [#1-1]. Plaintiff's operative Amended Complaint [#5] alleges that Biomet made and sold a prosthetic device called the Comprehensive Reverse Shoulder System, a device implanted in reverse shoulder replacement surgery. [*Id.* at ¶ 10]. Plaintiff further alleges that these devices were implanted into his left and right shoulders in 2009 and 2010, and that both implants subsequently failed. [*Id.* at ¶ 18]. On September 26, 2014, Defendants removed this action to this court. [#1].

On October 17, 2014, Biomet answered Plaintiff's Amended Complaint. [#26]. Biomet's original Answer set forth 51 affirmative defenses. [*Id.* at 28-36]. While "Plaintiff assert[ed] that Defendants have over endorsed affirmative defenses" in the Parties' joint proposed Scheduling Order submitted to the court on January 15, 2015, [#28 at 3], Plaintiff did not challenge these defenses pursuant to Fed. Rule Civ. P. 12(f) within 21 days, as contemplated by Fed. Rule Civ. P. 12(f)(2). According to Defendants' Response to the Motion to Strike, Plaintiff again raised this concern at the Scheduling Conference held a week later. [#61 at 2].

The court entered a Scheduling Order, which set deadlines for joinder of parties and amendment of pleadings for April 3, 2015, and of discovery for October 22, 2015. [#30]. On April 3, 2015, "with Plaintiff's consent" [#61 at 2], Defendants filed an Amended Answer. [#38]. Defendants' Amended Answer sets forth 50 affirmative defenses that Plaintiff contends are "essentially the same" as the affirmative defenses raised in Defendants' original Answer. [#54 at 2].

On August 26, 2015, seven months after the court issued a Scheduling Order providing

2

for an October 22, 2015 discovery cut-off, and nearly five months after Defendants filed their Amended Answer, Plaintiff filed the instant Motion to Strike. [#54]. Plaintiff contends that "Most of Biomet's affirmative defenses are summary legal conclusions without supporting facts," and should be stricken. [*Id.* at 3]. Plaintiff also contends that a number of Biomet's affirmative defenses are either facially legally insufficient, relevant only to failure to warn claims Plaintiff has not yet sought to assert, redundant, mere denials of elements of Plaintiff's claims, and/or are not recognized as affirmative defenses under the Colorado substantive law applicable to Plaintiff's claims. [*Id.*]. With respect to many of the affirmative defenses Plaintiff asserts are not recognized under Colorado law, no substantive argument or citation to legal authority is provided. [*Id.* at 12-14].

In Response, Defendants principally argue that Plaintiff's Motion to Strike, filed 145 days after Defendants tendered the Amended Answer asserting the affirmative defenses Plaintiff now seeks to strike, should be denied as untimely. [#61 at 2-3]. On Reply, Plaintiff notes that Rule 12 empowers a court to strike insufficient affirmative defenses on its own initiative, which allows the court discretion to consider an untimely motion to strike. [#67].

## ANALYSIS

**I.     Standard of Review**

Pursuant to Fed. Rule Civ. P 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri–State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted). Moreover, striking allegations or dismissing

pleadings pursuant to Rule 12(f) is "a generally-disfavored, drastic remedy." *Id.* (citing *Smuggler–Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993); 5C Charles Alan Wright et al., *Federal Practice and Procedure Civil § 1380*, at 647 (2d ed. 1990)). Accordingly, striking an affirmative defense is considered a "severe remedy," and courts within this district have recognized that defenses should not be stricken "if there is any real doubt" about their validity, and that "the benefit of any doubt should be given to the pleader." *Chavaria v. Peak Vista Cmty. Health Ctrs.*, No. 08–cv–01466–LTB–MJW, 2008 WL 4830792, *1 (D. Colo. Nov. 5, 2008) (citation and quotation omitted); *see also Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 471 U.S. 1098 (1986) (recognizing that motions to strike are an improper vehicle for resolution of defenses raising disputed issues of fact, or disputed and/or substantial questions of law: "'even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.'") (quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1381 at 800–01).

Courts within this district and elsewhere in the Tenth Circuit have held that the requirement that a complaint set forth sufficient factual matter allowing for a reasonable inference that the pleader is entitled to relief, as set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), does not apply by analogy or implication to affirmative defenses. *Michaud v. Greenberg & Sada, P.C.*, No. 11–cv–01015–RPM–MEH, 2011 WL 2885952, *2 (D. Colo. July 18, 2011) (holding that affirmative defense may only be stricken if "as a matter of law, the defense cannot succeed under

any circumstance") (citation and quotation omitted); *see also Wells v. Hi Country Auto Group*, 982 F. Supp. 2d 1261, 1263-64 (D.N.M. 2013) (holding that in striking an affirmative defense pursuant to Rule 12(f), the court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.") (citation and quotation omitted).

Absent a showing of prejudice, district courts often decline to strike improperly pled affirmative defenses. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07–2465–KHV, 2008 WL 474265, *2 (D. Kan. Feb. 19, 2008) (holding that motion to strike was "without merit" given that movant failed to show any prejudice arising from challenged defenses). Even in cases where the challenged pleadings fit within a category enumerated by Fed. Rule Civ. P. 12(f) and some showing of prejudice is made, "discretion remains with the Court to grant or deny" the motion to strike. *Big Cats of Serenity Springs, Inc. v. Vilsack*, No. 13–cv–03275–REB–KLM, 2015 WL 1432069, at *13 (D. Colo. March 25, 2015).

## II.     Application to Motion to Strike

Plaintiff's Reply does not and cannot advance any argument that Plaintiff's Motion to Strike was timely filed. [#67 at 2-3]. Plaintiff also has not attempted to provide any grounds to excuse the Motion's untimely filing. [*Id.*]. Therefore, the court concludes that there is no reasonable justification for Plaintiff's delay in moving to strike Defendants' affirmative defenses when he perceived an issue as early as April 2015 – at least four months prior to filing this instant motion. In addition, while the court recognizes that it may exercise its discretion to strike the affirmative defenses even on an untimely motion or *sua sponte*, it declines to exercise its discretion in that manner in the circumstances presented by this case.

As noted above, striking pleadings is a disfavored remedy, and courts often decline to grant motions to strike inadequate defenses absent a showing of prejudice. In addition to failing to establish a reasonable justification for his delay, Plaintiff has failed to make an adequate showing of prejudice. Plaintiff asserts that "the scope of discovery will be unnecessarily expanded" if the Motion to Strike is denied, but provides no argument or evidence to support this conclusory contention. [#54 at 15]. The court first notes that both Parties, including Plaintiff, have repeatedly availed themselves of the court's informal discovery procedure [#49, #62, #75, #80], and the issue of an expanded scope of discovery due to Defendants' affirmative defenses has not been raised. Moreover, if the scope of discovery was a concern to Plaintiff, it is puzzling to the court that Plaintiff failed to file a timely motion to strike the affirmative defenses in Biomet's original or Amended Answer, and instead waited until just two months prior to the discovery cut-off to file his Motion to Strike. At this point, Plaintiff bears the responsibility for prejudice of expanded discovery, if any, due to his own inaction.

Nor does Plaintiff attempt to make any showing that the challenged affirmative defenses pertain to factual subject matter that would not otherwise be relevant to the claims and other defenses at issue in this litigation. Because the record before the court does not show that the challenged defenses would prejudice Plaintiff, denial of Plaintiff's untimely Motion to Strike is justified. *See, e.g.*, *4MVR, LLC v. Hill*, No. 12–cv–10674, 2015 WL 3884054, *8 (D. Mass. June 24, 2015) ("The untimely nature of 4MVR's motion and the lack of prejudice to it during the discovery process compel the Court to deny its motion.").

Moreover, as Defendants note, "Plaintiff lists many of Biomet's affirmative defenses, and for some does not provide any argument" in moving to strike. [#61 at 5]. Even when motions

6

are timely filed, courts generally decline to grant dispositive relief absent properly developed argument. *See e.g.*, *Wingard v. Penn. State Police*, No. 12–1500, 2013 WL 3551109, at *5 (W.D. Pa. July 11, 2013) (denying portions of motion to dismiss not supported by properly developed argument); *see also DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (denying motion to dismiss a particular count because movant's argument was "unsupported by citation to any case authority"). Without developed briefing, this court is particularly reluctant to adjudicate the merits of affirmative defenses that might raise disputed matters of fact, or disputed or substantial issues of law. *Salcer*, 744 F.2d 935, 939 (recognizing that such defenses are best resolved on a full record after the close of discovery).[2]

Accordingly, IT IS ORDERED that:

(1)   Plaintiff's Motion to Strike Affirmative Defenses [#54] is DENIED.

DATED: October 22, 2015                              BY THE COURT:

                                                     s/ Nina Y. Wang
                                                     United States Magistrate Judge

---

[2] In reaching this conclusion, the court does not conclude that all of Defendants' affirmative defenses are viable or that the practice of including 50 affirmative defenses is necessarily a sound one. However, the court notes that to the extent that he believes that certain affirmative defenses are not supported by law or fact, Plaintiff has the opportunity to file a motion for summary judgment, which may be a more appropriate vehicle to consider such arguments. In addition, Defendants will necessarily be required to narrow the number of affirmative defenses they intend to pursue as a function of the realities of trial.