## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2667-REB-NYW

ALFONSO A. ALARID,

      PLAINTIFF,

V.

BIOMET, INC., ET AL.

      DEFENDANTS.

_____

## AMENDMENT TO PROTECTIVE ORDER
_____

The Court entered a Protective Order in this case on February 3, 2015 which did not explicitly define or reference "Protected Health Information".

The Protective Order in this case permits the Court to modify the Protective Order "at any time for good cause shown following notice to all parties and an opportunity for them to be heard."

The parties in the above-captioned action may, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), Rule 502 of the Federal Rules of Evidence ("FRE"), and 45 C.F.R. § 164.512(e)(1) seek discovery or documents, information, or other materials that contain Protected Health Information as that term is defined herein.

The Parties have stipulated and agreed to the terms, and jointly moved this Court to amend the Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the Court finds good cause to amend the Protective Order and issue this qualified protective order and ORDERS as follows:

**IT IS ORDERED** that:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "Protected Health Information" to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. The parties and their attorneys are hereby authorized to disclose Protected Health Information to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose Protected Health Information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Protected Health Information to persons involved in this litigation, counsel shall inform each such person that the Protected Health Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Protected Health Information do not use or disclose such information for any purpose other than this litigation.

6. The parties, their attorneys, and any person or entity in possession of Protected Health Information obtained pursuant to paragraph four of this Order, shall return the Protected Health Information to the disclosing party or destroy any and all copies of Protected Health Information, pursuant to paragraph 14 of the Protective Order entered February 3, 2015.

7. This Order does not control or limit the use of Protected Health Information that comes into the possession of the parties or their attorneys from a source other than the Defendants or Plaintiff.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's Protected Health Information under seal pursuant to D.C.COLO.LCivR 7.2.

10. The Protective Order entered February 3, 2015 remains unaltered except as expressly amended herein.

IT IS SO ORDERED.


DATED: October 22, 2015          s/ Nina Y. Wang
                                 United States Magistrate Judge