**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02667-REB-NYW

ALFONSO A. ALARID,

      Plaintiff,

v.

BIOMET, INC.,
BIOMET ORTHOPEDICS, LLC,
BIOMET MANUFACTURING, LLC,

      Defendants.

---

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion For Leave To File His Second Amended Complaint To Add a Claim for Exemplary Damages** [#112],[1] filed January 23, 2016.  As the motion plainly lacks both substantiation and merit, I exercise my prerogative under D.C.COLO.LCivR 7.1(c) to rule without awaiting a response and deny it.

      In seeking leave to amend, plaintiff invokes the standards of Fed. R. Civ. P. 15(a), pursuant to which (absent consent of the opposing party) leave of court is required to amend a complaint once a responsive pleading has been filed.  As plaintiff points out, the rule contemplates that "[t]he court should freely give leave when justice so requires."  **FED. R. CIV. P.** 15(a)(2).  Although plaintiff acknowledges that prejudice to

---

[1]  "[#112]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

the nonmoving party is the paramount concern in making this discretionary determination, *see Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006), he merely concludes, without substantiation, that defendants will not be prejudiced because this new claim arises out of the same facts and circumstances as those already set forth in the currently operative complaint.  (*See* **Motion** at 3.)

In so doing, plaintiff ignores a foundational inquiry necessarily related to the question of prejudice, that is, whether there has been "undue delay" in seeking leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Minter*, 451 F.3d at 1204.  Although "[l]ateness does not of itself justify the denial of the amendment,"

> [a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.  The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.

*Minter*, 451 F.3d at 1204-05 (citations and internal quotation marks omitted).  In determining whether delay is undue, the Tenth Circuit has advised district courts to focus on the reasons for the delay.  *Id.* at 1206.   Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay."  *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).  *See also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.) ("[U]nexplained delay alone justifies the district court's discretionary decision."), *cert. denied*, 115 S.Ct. 80 (1994).

Plaintiff here offers absolutely no explanation for the considerable delay in bringing this motion.  *See Centra, Inc. v. Chandler Insurance Co., Ltd.*, 2000 WL 1277672 at *11 (10th Cir. Sept. 7, 2000) ("[W]ith the passage of time and acceptance of earlier amendments, the party seeking leave to amend must justify that request by more than invocation of the concept of [Fed. R. Civ. P. 15(a)]'s liberality.").  Discovery in this matter closed three months ago.  The deadline for dispositive motions is two months past.  It is not at all apparent why plaintiff could not have brought this motion sooner.  His motion would be denied appropriately on this basis alone.

Moreover, it further is apparent to this court that, despite plaintiff's blithe assertion to the contrary, the addition of a claim for punitive damages, involving elements and evidence not otherwise obviously admissible in the absence of such a claim, would in fact work substantial prejudice to defendants.  This case was initiated nearly 18 months ago, and defendants undoubtedly prepared both their discovery and for trial in reliance on the claims plaintiff already has asserted.  Trial is set to commence less than five weeks from today.  The parties' jury instructions are due imminently.  *See* **REB Civ. Practice Standard** V.C.4.a.  The attempt to add a substantive claim at this late juncture not only prejudices defendants, but threatens the trial setting, which imposes an undue burden on the court as well.  *See Minter*, 451 F.3d at 1205 ("At some point, however, delay will become undue, placing an unwarranted burden on the court.") (citation and internal quotation marks omitted).

In addition, and intimately related to the issue of undue delay and the unfair prejudice occasioned thereby, the deadline for amendment of the pleadings established

by the extant scheduling order in this case has long passed.  (*See* **Scheduling Order** ¶

9 at 7 [#30], filed January 22, 2015 (deadline for amendment of pleadings was April 3,

2015).)  Although the Tenth Circuit as yet to address the issue directly in the context of

a motion seeking leave to amend a complaint, it has adopted the good cause

requirement of Rule16 in the context of an attempt to assert new counterclaims after the

scheduling order deadline has expired.  *See Minter*, 451 F.3d at 1205 n.4 (citing

*SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990)).  Nevertheless,

district courts in this circuit consistently have required a party seeking leave to amend

after the deadline for amendment has passed to show good cause under Rule 16, even

before considering whether leave to amend should be granted under Rule 15.  *See,*

*e.g.*, *Petekeiwicz v. Stembel*, 2015 WL 1740386 at *4 (D. Colo. Apr. 14, 2015);

*Nicastle v. Adams County Sheriff's Office*, 2011 WL 1465586 at *3 (D. Colo. Mar. 14,

2011), *adopted*, 2011 WL 1464588 (D. Colo. April 18, 2011); *Colorado Visionary*

*Academy v. Medtronic, Inc*., 194 F.R.D. 684, 688 (D. Colo. 2000).

Under Rule 16, a scheduling order "may be modified only for good cause and

with the judge's consent." **FED. R. CIV. P.** 16(b)(4).  "Good cause" in this context

requires plaintiff to "show that [he] has been diligent in attempting to meet the deadlines,

which means [he] must provide an adequate explanation for any delay." *Minter*, 451

F.3d at 1205 n.4.  Having failed even to recognize the applicability of Rule 16, it is not

surprising that plaintiff offers nothing to demonstrate diligence in connection with his

extraordinarily belated request.  Although plaintiff did seek leave to extend the deadline

to amend the pleadings on the day the period expired,[2] that motion was promptly

denied.[3]  As noted above, discovery in this case closed three months ago.  It is not clear

why plaintiff waited until now, barely one month before trial, to seek leave to add a claim

for punitive damages.  I thus find no basis to conclude that he has been sufficiently

diligent to warrant an amendment of the reasonable deadlines imposed by the

scheduling order.

In light of these considerations, the motion must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion For Leave To File His**

**Second Amended Complaint To Add a Claim for Exemplary Damages** [#112], filed

January 23, 2016, is denied.

Dated January 26, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

---

[2]  This itself constitutes a violation of the court's Civil Practice Standards, which require that any such motion be filed "no later than **three (3)** business days before" the expiration of the relevant deadline. **REB Civ. Practice Standard** II.G.4. (emphasis in original).  Given that the instant motion itself also violates the Practice Standards insofar as it exceeds the court's page limitations, *see* **REB Civ. Practice Standard** IV.B.1, counsel for plaintiff is strongly advised to read and heed *all* the court's Practice Standards, as further violations thereof may result in striking of the apposite motion or summary denial of any relief requested therein.

[3]  That the magistrate judge suggested plaintiff could seek leave to amend at some later time if he became aware of facts to support a claim for exemplary damages without setting a deadline for the submission of such a request (*see* **Motion** at 3-4) does not absolve plaintiff of responsibility for comprehending and complying with the requirements of the Federal Rules of Civil Procedure.