**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02667-REB-NYW

ALFONSO A. ALARID,

    Plaintiff,

v.

BIOMET, INC.,
BIOMET ORTHOPEDICS, LLC,
BIOMET MANUFACTURING, LLC,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE WANG'S ORDER AND REQUEST FOR REVIEW**

**Blackburn, J.**

The matter before me is **Plaintiff's Objection to Magistrate Judge Wang's Order and Request for Review** [#82],[1] filed October 20, 2015.  I overrule the objection.

Plaintiff's objection pertains to non-dispositive matters that were referred to the magistrate judge for resolution.  Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

Having reviewed the magistrate judge's order and the underlying motion which it resolved, I find and conclude that neither of those circumstances pertains here. Contrary to plaintiff's suggestion, this is not an instance where defendants managed to

---

[1] "[#82]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

elude the necessity of showing good cause for an extension of the expert disclosure deadline by a disclosure ultimately determined to be inadequate.[2] The record before me is clear that defendants offered to make a full disclosure if plaintiff would withdraw his motion. Although plaintiff is certainly correct that he was not required to withdraw the motion, and the magistrate judge thereafter heard and determined the matter expeditiously, the inevitable delay occasioned by plaintiff's decision to insist on formal resolution of the dispute hardly justifies the drastic remedies he seeks here.[3]

**THEREFORE, IT IS ORDERED** that the objections stated in **Plaintiff's Objection to Magistrate Judge Wang's Order and Request for Review** [#82], filed October 20, 2015, are overruled.

Dated January 27, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Moreover, and contrary to plaintiff's argument, to the extent a showing of good cause might be thought necessary (a proposition which strikes this court has highly dubious), that standard is more appropriately derived from Rule 16(b)(4), which governs amendments to the scheduling order, rather than this courts Civil Practice Standards. Assuming *arguendo* that a showing of good cause was necessary, that standard certainly is satisfied here, where defendants did no more than insist – based on colorable, good faith legal arguments – on the adequacy of their initial disclosure.

[3] The court especially sees no justification for vacating the trial to allow plaintiff to take further evidence from the expert given plaintiff's complete failure to take advantage of the magistrate judge's directive that the expert be made available for an additional half day of deposition. (**Order on Plf. Motion To Strike** ¶ 3 at 10 [#70], filed October 7, 2015.)

2