**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02667-REB-NYW

ALFONSO A. ALARID,

      Plaintiff,

v.

BIOMET, INC., BIOMET ORTHOPEDICS, LLC, and BIOMET MANUFACTURING, LLC,
      Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION IN LIMINE**

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion in Limine To Exclude Collateral Sources** [#104],[1] filed January 14, 2016. By their response ([#124], filed February 1, 2016), defendants state they agree that evidence of collateral sources of benefits is not admissible, a position of which they informed plaintiff's counsel well prior to the filing of this motion.[2] The motion therefore is moot and will be denied on that basis.

      **THEREFORE, IT IS ORDERED** that **Plaintiff's Motion in Limine To Exclude Collateral Sources** [#104], filed January 14, 2016, is denied as moot.

      Dated February 3, 2016, at Denver, Colorado.

                                   **BY THE COURT:**

                                   */s/ Robert E. Blackburn*
                                   Robert E. Blackburn
                                   United States District Judge

---

[1] "[#104]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Given defendants' concession, it is unclear why plaintiff felt compelled to file a motion. Seeking affirmative relief from the court under these circumstances wastes both party and judicial resources at a critical point in the case. Thus, and aside from the fact that the court strongly discourages motions *in limine* in general, *see* REB Civ. Practice Standard IV.E.1., this motion in particular appears to have been wholly unnecessary.