**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02667-REB-NYW

ALFONSO A. ALARID,

    Plaintiff,

v.

BIOMET, INC.,
BIOMET ORTHOPEDICS, LLC,
BIOMET MANUFACTURING, LLC,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S** [*sic*] **EXPERT DR. EDWARD SEADE**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Exclude Testimony of Defendant's** [*sic*] **Expert Dr. Edward Seade** [#68],[1] filed October 7, 2015. I deny the motion.

## I. JURISDICTION

I have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (diversity of citizenship).

## II. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides that

---

[1] "[#68]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> [a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

**FED. R. EVID.** 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.***, 360 F.3d 1206, 1210 (10th Cir. 2004). An expert may be qualified by "knowledge, skill, experience, training, or education" to offer an opinion on an issue relevant to the case. **FED. R. EVID.** 702(a). ***See also 103 Investors I, L.P. v. Square D Co.***, 470 F.3d 985, 990 (10th Cir. 2006). An expert opinion is reliable when it is based on sufficient facts or data, employs a methodology generally deemed reliable in the expert's field, and properly applies such methods to the facts of the case. ***See* FED. R. EVID.** 702(b), (c), & (d); ***United States v. Crabbe***, 556 F.Supp.2d 1217, 1222-23 (D. Colo. 2008).

Guided by these principles, the trial court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. ***Truck Insurance Exchange***, 360 F.3d at 1210; ***Smith v. Ingersoll-Rand Co.***, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that

characterizes the practice of an expert in the relevant field." *Goebel v. Denver and Rio Grand Western Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 119 S.Ct. at 1176). Generally, "rejection of expert testimony is the exception rather than the rule." *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009). See also FED. R. EVID. 702 (2000 Advisory Comm. Notes). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 113 S.Ct. at 2798.

### III. ANALYSIS

Plaintiff in this case alleges claims for strict products liability and negligence related to alleged defects in the Comprehensive Reverse Shoulder, a prosthetic device designed, manufactured, marketed, and sold by defendants. Plaintiff had Comprehensive Reverse Shoulder devices implanted in both shoulders in 2009 and 2010. The devices later fractured, necessitating their removal and replacement.

Defendants have designated Dr. Edward Seade, an orthopedic surgeon specializing in shoulder orthopedics, as an expert to testify at trial. Dr. Seade's expert report details four primary opinions:

> (1) That the Comprehensive Reverse Shoulder device is a "last resort device" (**Plf. Motion App.**, Exh. 1 at 3-5);
>
> (2) That the benefits of the Comprehensive Reverse Shoulder device outweigh its inherent risks (*id.*, Exh. 1 at 5-6);

>    (3) That the Comprehensive Reverse Shoulder device was
>    state of the art at the time of plaintiff's initial surgeries (*id.*,
>    Exh. 1 at 6-7; and
>
>    (4) That patient compliance with doctor instructions and
>    physical therapy are essential for proper and full recovery
>    post-surgery (*id.*, Exh. 1 at 7-8).

In addition to challenging each of these opinions individually, plaintiff suggests more broadly that Dr. Seade's testimony should be excluded because none of his opinions bears any relevance to the central issue in the case, that is, why plaintiff's prosthetics failed. All of these objections, both general and specific, are without merit.

Starting with plaintiff's global objection, he is simply wrong. Evidence is relevant if it has *any* tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. **FED. R. EVID.** 401. Dr. Seade's opinions easily satisfy this liberal standard, as they make more probable facts that would contradict plaintiff's design defect claims.[2] For example, an opinion that a product was the state-of-the-art tends to negate an inference that it was defective by suggesting that there was no safer design feasible at the time. **See Wankier v. Crown Equipment Co.**, 353 F.3d 862, 867 (10th Cir. 2003); **Armentrout v. FMC Corp.**, 842 P.2d 175, 185 (Colo. 1992). An analysis of the risks and benefits of a device, including an opinion that it was a product of last resort, addresses directly the elements plaintiff must prove in a design defect case such as this one. **See Kokins v. Teleflex, Inc.**, 621

---

[2] Indeed, to the extent plaintiff means to imply that an expert opinion is relevant only to the extent it goes directly to an ultimate issue of fact, he turns the Federal Rules of Evidence on their head. While the rules *permit* an expert to testify in the form of an opinion on the ultimate issue in a case in proper circumstances, **see FED. R. EVID.** 704(a) & Adv. Comm. Notes, **Okland Oil Co. v. Conoco Inc.**, 144 F.3d 1308, 1328 (10th Cir. 1998), there is certainly no *requirement* that the expert express his opinion in that form, **see Cook v. Rockwell International Corp.**, 580 F.Supp.2d 1071, 1083 (D. Colo. 2006).

F.3d 1290, 1293 (10th Cir. 2010). Finally, testimony suggesting that plaintiff was no worse off, in terms of pain and functionality, after removal and reimplantation of the Comprehensive Reverse Shoulder device than he would have been had he never had the surgery plainly is relevant to an assessment of his alleged damages.

Plaintiff's arguments fair no better when examined individually. The fact that plaintiff does not dispute that the Comprehensive Reverse Shoulder device was intended for patients who had no other options does not make testimony to that effect irrelevant. Defendants remain entitled to make their case, and testimony that the device was an option of last resort and thus had inherent limitations plainly is relevant to the question of defectiveness *vel non*.

Plaintiff next suggests that Dr. Seade's opinions that the Comprehensive Reverse Shoulder device was the state of the art and his analysis of the relative benefits of the device at the time of plaintiff's surgeries are unsupported. This argument is belied by the very report it challenges, wherein Dr. Seade recounts his long experience in the performance of shoulder surgery in general and the implantation of reverse shoulder systems in particular, as well as his familiarity with a variety of competing systems. Such extensive experience provides more than ample basis for Dr. Seade to make the comparisons and offer the opinions expressed in his report. To the extent plaintiff believes Dr. Seade should have reviewed the device's design history file (a dubious contention, given his lack of expertise in engineering or some other relevant discipline) or addressed product recalls or different variants of the device, those are matters going to the weight of his opinions, not their admissibility. Plaintiff certainly can explore any such supposed deficiencies on cross-examination.

Finally, although Dr. Seade acknowledged that he had insufficient evidence at the time of his report to determine whether there was any issue regarding plaintiff's compliance *vel non* with post-surgical instructions, general testimony regarding the necessity of compliance may still help the jury evaluate other evidence to be presented in the case. "It is also well-settled that expert testimony explaining general principles is admissible, without application of these principles to the facts of the case, if the explanation would assist the trier of fact and is found to be reliable." **Cook v. Rockwell International Corp**., 580 F.Supp.2d 1071, 1083 (D. Colo. 2006). Relatedly, and as noted above (*see supra* n. 2), although an expert may opine on an ultimate issue of fact in appropriate circumstances, his opinion is not inadmissible when it does not offer such an opinion. This argument thus provides no basis for striking Dr. Seade's testimony, either.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion To Exclude Testimony of Defendant's** [sic] **Expert Dr. Edward Seade** [#68], filed October 7, 2015, is denied.

Dated February 4, 2016, at Denver, Colorado.

                                  **BY THE COURT:**

                                  */s/ Bob Blackburn*
                                  Robert E. Blackburn
                                  United States District Judge