**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-CV-02667-REB-NYW

ALFONSO A. ALARID

      Plaintiff,

v.

BIOMET, INC.;
BIOMET ORTHOPEDICS, LLC; and
BIOMET MANUFACTURING, LLC.

      Defendants.

## ORDER GRANTING REQUEST FOR ENTRY OF JUDGMENT

**Blackburn, J.**

The matter is before me is plaintiff's **Request for Entry of Judgment** [#133],[1] filed February 4, 2016. The motion and evidence attached thereto demonstrate that defendants made a timely offer of judgment under Fed. R. Civ. P. 68 to plaintiff, which offer plaintiff has accepted. (**Motion App.**, Exhs. 1& 2.) I grant the request.

Rule 68 provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

---

[1] "[#133]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**FED. R. CIV. P.** 68(a).  The offer and acceptance were made in the time and manner required under Rule 68.  It therefore is appropriate to direct the entry of judgment in the amount of the offer, which both by its own terms (*see* **Motion App.**, Exh. 1) and operation of the rule itself, *see **Marek v. Chesney***, 473 U.S. 1, 6-7, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985), is inclusive of all costs recoverable in the action, including attorney fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Request for Entry of Judgment** [#133], filed February 4, 2016, is granted;

2. That the clerk of the court is directed to enter judgment in favor of plaintiff, Alfonso Alarid, and against defendants, Biomet, Inc.; Biomet Orthopedics, LLC; and Biomet Manufacturing, LLC, pursuant to Fed. R. Civ. P. 68(a) in the amount of $350,000, inclusive of all damages and liabilities of any kind claimed in the action, all claims for attorney fees, all claims for fees associated with expert witnesses, and any other costs accrued to date that might be recoverable in this action;

3. That excepting any pending motion for leave to restrict,[2] all other substantive pending motions are denied as moot, including but not limited to the following:

> a. **Defendants' Motion To Strike Plaintiff's Untimely Claim for Physical Impairment and Disfigurement Damages** [#106], filed January 15, 2016; and

---

[2] The court refers specifically, but without limitation to **Plaintiff's Motion To File Under Restriction Level One** [#128], filed February 1, 2016, which will be resolved by separate order when it becomes ripe.

  b. **Defendants' Motion To Strike John McCloy's Untimely Expert Opinions** [#109], filed January 19, 2016;

4. That the combined Final Pretrial Conference/Trial Preparation Conference set for February 19, 2016, at 10:00 a.m., and the trial set to commence February 29, 2016, are vacated;

5. That the court's **Minute Order** [#132], filed February 4, 2016, is vacated; and

6. That this civil action is dismissed, and the case closed.

Dated February 4, 2016, at Denver, Colorado.

           **BY THE COURT:**

           */s/ Bob Blackburn*
           Robert E. Blackburn
           United States District Judge